**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AKMALKHON AHMADKHON UGLI ISMAILOV,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| **JL JAMISON, Warden, Federal Detention Center, Philadelphia; FIELD OFFICE DIRECTOR, Philadelphia Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States,** | : : : : : : : : | **No. 26-5127** |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW,** this 23rd day of July, 2026, upon consideration of Akmalkhon Ahmadkhon Ugli Ismailov's Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto, it is hereby **ORDERED** that the petition is **GRANTED.**[1]

It is **FURTHER ORDERED** as follows:

1. Akmalkhon Ahmadkhon Ugli Ismailov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall immediately release Akmalkhon Ahmadkhon Ugli Ismailov from custody, on the conditions of supervision in effect before July 22, 2026. Respondents shall impose no new or additional conditions of supervision.

3. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 5:00 P.M. E.S.T. on July 24, 2026.

4. Respondents are temporarily enjoined from re-detaining Akmalkhon Ahmadkhon Ugli Ismailov for seven days following his release from custody.

5. If Respondents pursue re-detention of Akmalkhon Ahmadkhon Ugli Ismailov, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6. The Emergency Motion for Temporary Restraining Order (ECF No. 2) is **DENIED AS MOOT.**

BY THE COURT:

Hon. Mia R. Perez

---

[1] Petitioner Akmalkhon Ahmadkhon Ugli Ismailov is a native and citizen of Uzbekistan. ECF No. 1 ¶ 13. Petitioner has been in the United States for over one year. *Id.* ¶ 15. After his entry, he was released from immigration custody in July 2025 and enrolled in Immigration and Customs Enforcement's (ICE) ATD/ISAP supervision program, under which he was required to periodically report to the ICE ERO field office in Philadelphia and comply with conditions of supervision. *Id.* Since that time, Petitioner has complied with the conditions of his supervision. *Id.* ¶ 16. Nonetheless, on July 22, 2026, when Petitioner was scheduled to report to the ICE ERO field office, ICE took Petitioner into physical custody. *Id.* ¶ 17. Petitioner is now detained at the Philadelphia Federal Detention Center without a bond hearing. *Id.* ¶ 18; *see also* ECF No. 1-3. On July 22, 2026, Petitioner filed this Petition for Writ of Habeas Corpus, seeking immediate release from detention and arguing his detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process Clause of the U.S. Constitution. ECF No. 1.

Petitioner also filed an emergency motion for a temporary restraining order seeking an order for Respondents to show cause why the petition should not be granted and a temporary order preventing Petitioner's transfer outside the Eastern District of Pennsylvania pending resolution of his Petition. ECF No. 2. In response to the Petition and in line with its practice surrounding habeas petitions in immigration cases like this one, the Court issued an order to show cause and ordered Respondents not to remove Petitioner from the District pending further order of the Court. ECF No. 4. The Court now resolves the Petition, making the motion for a temporary restraining order moot.

On July 23, 2026, the government timely filed a response, arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that his detention does not violate due process. ECF No. 6. The government acknowledges that its position that Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) has been categorically rejected by the vast majority of district courts, as well as the Second, Sixth, Tenth, and Eleventh Circuits. *See* ECF No. 6 at 2; *see also Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, No. 26-6109, 2026 WL 1876709, --- F.4th ---- (10th Cir. June 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, 175 F.4th 1258 (11th Cir. 2026). This Court again rejects the government's position and holds Petitioner's detention without a bond hearing violates the Immigration and Nationality Act.

Individuals like Petitioner, who have lived in the United States after crossing the border, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2)(A) if he (1) is an "applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6; *Santillan Quiroz*, 2026 WL 1876709, at *6. It does not describe individuals who have been in the United States for at least one year. *Kashranov*, 2025 WL 3188399, at *6. Petitioner was seeking admission when he arrived at the United States border. He is no longer seeking admission now. Section 1225(b)(2)(A), therefore, does not apply. *See, e.g.*, *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, 175 F.4th 1258 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026); *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

The Supreme Court's discussions in *Blanche v. Lau*, No. 25-429, 609 U.S. ___, 146 S. Ct. 1981 (U.S. June 23, 2026), and *Mullin v. Al Otro Lado*, No. 25-5, 609 U.S.___, ___S. Ct. ___, 2026 WL 1825741 (U.S. June 25, 2026), do not change this outcome. Those cases both involved noncitizens arriving at the United States border, actively seeking to physically enter and presenting themselves for inspection. Neither involved the meaning of § 1225(b)(2)(A), nor did either one involve a section of the statute which included both phrases. Accordingly, the Supreme Court had no occasion to distinguish between "applicants for admission" or "seeking admission." *See Ramos Vega v. Jamison*, No. 26-4509, 2026 WL 1906667, at *3 (E.D. Pa. July 2, 2026). The Court's use of "applicant for admission" and "applicant seeking admission" when faced with different facts and different sections of the INA, therefore, does not change the plain meaning of § 1225(b)(2)(A) or its application to Petitioner. *Id.*

For the same reasons set forth in *Ramos Vega*, 2026 WL 1906667, *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under §1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing is, therefore, unlawful, and he is entitled to habeas relief. The appropriate relief for unlawful detention is immediate release.